# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SABINA C. HERMAN,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION,<br><br>Defendant. | Case No. SA CV 11-1289 JCG<br><br>**MEMORANDUM OPINION AND ORDER** |

Sabina C. Herman ("Plaintiff") challenges the Social Security Commissioner's ("Defendant") decision denying her application for disability benefits. Five issues are presented for decision here:

1. whether the Administrative Law Judge ("ALJ") erred in failing to find a severe impairment at step two, (*see* Joint Stip. at 3-5);

2. whether the ALJ improperly rejected Plaintiff's testimony, (*see id.* at 8);

3. whether the ALJ improperly rejected the lay testimony of Plaintiff's husband, Richard Herman, (*see id.* at 10);

4. whether the ALJ properly considered the opinion of Plaintiff's treating physician, Dr. Edward Kaufman, (*see id.* at 11-12); and

1    5.    whether the ALJ properly considered the testimony of the medical expert, Dr. Craig C. Rath. (*See id.* at 14.)

The Court addresses – and rejects – Plaintiff's contentions below.

### A. The ALJ's Step Two Determination

Plaintiff first asserts that the ALJ erred at step two. (Joint Stip. at 3-5.) There, the ALJ concluded that Plaintiff lacked a medically severe impairment because the medical record was "devoid of any treatment notes" from the alleged onset date through the date last insured ("DLI"). (AR at 19.) Plaintiff asserts that the ALJ's step two determination was not "clearly established" by the medical record, as is required by *Webb v. Barnhart*, 433 F.3d 683, 687 (9th Cir. 2005). (Joint Stip. at 4.) A severe impairment, so Plaintiff argues, may still exist even if the evidence does not document one. (*See id.* at 3-5.) This reading of *Webb*, however, misses the function and purpose of the step two inquiry.

Step two serves as a "'*de minimis* screening device to dispose of groundless claims.'" *Edlund v. Massanari*, 253 F.3d 1152, 1158 (9th Cir. 2001) (quoting *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996)). To that end, it directs an immediate finding of "not disabled" when the "medical evidence establishes only a slight abnormality [that] would have no more than a minimal effect on an individual's ability to work even if the individual's age, education, or work experience were specifically considered" at subsequent steps. SSR 85-28, 1985 WL 56856, at *3.

Here, as the ALJ noted, the record disclosed *no* abnormalities, far less than the *slight* ones contemplated by SSR 85-28. Predictably, then, there would be no effect on Plaintiff's ability to work. Consequently, there would neither be a need at subsequent steps to consider Plaintiff's age, education, or work experience. By preventing unnecessary inquiry, the ALJ properly utilized step two for its intended purpose as a *de minimis* screening device.

Accordingly, the Court determines that the ALJ's step two determination was

2

without error.

B.   The ALJ's Rejection of Plaintiff's Testimony

Plaintiff next asserts that the ALJ improperly rejected her testimony as unsupported by the medical record. (Joint Stip. at 8.) The Court disagrees.

Once a claimant produces some evidence of an underlying impairment, an ALJ may not reject that claimant's subjective complaints based solely on a lack of supporting objective medical evidence. *Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001).

Here, as established above, Plaintiff produced no medical records from her alleged onset date to her DLI. *See supra*, at § A. Thus, Plaintiff did not make the threshold showing of "some evidence of an underlying impairment," as is required by *Rollins*. As a result, the ALJ was entitled to reject Plaintiff's testimony.

Accordingly, the Court finds no error here.

C.   The ALJ's Rejection of Richard Herman's Lay Testimony

Plaintiff also insists that the ALJ improperly rejected the lay testimony of her husband, Richard Herman, as similarly unsupported by the medical record. (Joint Stip. at 10.) Relying on *Smolen v. Chater*, 80 F.3d 1273, 1288-89 (9th Cir. 1996), Plaintiff argues that the ALJ is "required to consider a lay witness' testimony even where the symptoms are not supported by the medical records." (*Id.*)

Plaintiff's reliance on *Smolen*, however, is misguided. The authority upon which *Smolen* relies, SSR 88-13, requires that "a medically determinable physical or mental impairment [be] documented" before considering evidence, including lay testimony, pertaining to the effects of subjective symptoms. *See* SSR 88-13, 1988 WL 236011, at *1.

Here, once again, it is established that no evidence exists in the record documenting Plaintiff's conditions from her alleged onset date to her DLI. *See supra*, at § A. Thus, under *Smolen* and SSR 88-13, the ALJ was under no obligation to consider lay testimony such as Mr. Herman's.

1       Accordingly, the ALJ did not err in her treatment of Mr. Herman's testimony.

2       D.    <u>The ALJ's Failure to Discuss Dr. Kaufman's Treating Opinion</u>

3       As her fourth contention, Plaintiff argues that ALJ erred by failing to discuss an opinion from Plaintiff's treating psychiatrist, Dr. Edward Kaufman. (Joint Stip. at 11; *see* AR at 214.) The Court is unpersuaded.

6       An ALJ "need not discuss all evidence presented to [them]. Rather, [they] must explain why 'significant probative evidence has been rejected.'" *Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir.1984) (citing *Cotter v. Harris*, 642 F.2d 700, 706 (3d Cir.1981)).

10       Dr. Kaufman's opinion is neither significant nor probative. Four reasons guide that determination.

12       First, Dr. Kaufman's opinion is conclusory. *See Batson v. Comm'r of Soc. Sec.*, 359 F.3d 1190, 1195 (9th Cir. 2004) (holding that an ALJ may reject a treating physician's opinion if it is conclusory, brief, and unsupported). Though Dr. Kaufman's four-sentence letter states that Plaintiff was hospitalized for schizophrenic psychosis in 1988, it offers no further explanation as to the condition's severity or duration.

18       Second, Dr. Kaufman's letter, dated November 19, 2009, seeks to describe Plaintiff's hospitalization over two decades prior without the benefit of any medical records. (*See* AR at 214.) Naturally, this gives the Court pause as to the opinion's reliability.

22       Third, and contrary to Plaintiff's allegations, the opinion does not discuss any illnesses during the relevant time period, *i.e.*, from the alleged onset date to the DLI. (*See* Joint Stip. at 11.) According to the opinion, Dr. Kaufman saw Plaintiff for schizophrenic psychosis in 1988, and "*[a]t that time . . .* it was determined that she was not employable at any job." (AR at 214 (emphasis added).) Dr. Kaufman does not indicate whether Plaintiff's condition persists. Though medical opinions can be retroactive, *Smith v. Bowen*, 849 F.2d 1222, 1225 (9th Cir. 1988), there is nothing to

suggest that is the case here.

Fourth, Dr. Kaufman's opinion regarding Plaintiff's disability is entitled to little value because that is an issue reserved to the Commissioner . *See Nyman v. Heckler*, 779 F.2d 528, 531 (9th Cir. 1985) (because "opinions by medical experts regarding the ultimate question of disability are not binding[,] . . . [the Commissioner] was not obliged to explicitly detail his reasons for rejecting the [treating physician's] opinion").

Accordingly, the Court determines that the ALJ did not err in her treatment of Dr. Kaufman's opinion.

### E. The ALJ's Failure to Discuss Dr. Rath's Medical Expert Testimony

Plaintiff's final complaint is that the ALJ failed to consider Dr. Rath's medical expert testimony on cross-examination that Plaintiff's marked limitations "[c]ould . . . have" existed before the DLI. (Joint Stip. at 14; *see* AR at 252.) According to Plaintiff, this testimony was competent evidence that suggested a different result from the ALJ's, and thus could not be ignored. (*Id.*); *see Gallant v. Heckler*, 753 F.2d 1450, 1456 (9th Cir. 1984).

But Plaintiff mischaracterizes Dr. Rath's testimony. Prior to the above statement, Dr. Rath also testified that he could not "find anything" in the medical records that would constitute a medically determinable impairment. (AR at 241.) Then, on cross-examination, Dr. Rath conceded, as a matter of possibility, that such an impairment "[c]ould . . . have" existed before the DLI. (AR at 252.) In light of Dr. Rath's first statement, however, it is clear that the second is mere speculation not based on the record. Thus, the ALJ was entitled to ignore it. *See Vincent*, 739 F.2d at 1394-95 (an ALJ "need not discuss all evidence presented to [them]. Rather, [they] must explain why 'significant probative evidence has been rejected'").

Accordingly, the Court determines that ALJ properly ignored this part of Dr. Rath's testimony.

For the above reasons, the Court further finds that substantial evidence

5

Case 8:11-cv-01289-JCG   Document 16   Filed 11/20/12   Page 6 of 6   Page ID #:57

supported the ALJ's decision that Plaintiff was not disabled.  *See Mayes v. Massanari*, 276 F.3d 453, 458-59 (9th Cir. 2001).

Based on the foregoing, IT IS ORDERED THAT judgment shall be entered **AFFIRMING** the decision of the Commissioner denying benefits.

Dated: November 20, 2012

_____

Hon. Jay C. Gandhi

United States Magistrate Judge